Chief Justice Robertson
delivered the Opinion of the Court.
Two questions only will be considered in this case: that is, first — whether the Circuit Judge misdirected the jury; and, second — whether the warrant for a forcible detain-er can be maintained in the name of Enders, who, since the date of the lease under which Sullivan entered, acquired from the lessor who holds the legal title, an equitable interest only.
First. After facts had been proved, conducing to show, that Sullivan had entered as a tenant at will, the Circuit Judge instructed the jury, that — “ unless they should be- “ lieve from the evidence, that the defendant (Sullivan) “ entered as the tenant of the plaintiff, or those under “ whom he (the plaintiff) claims, they should find for the “ defendant; but if they believe from the evidence, that u the defendant entered on the lot by the permission of “ Clarlc’s agent, as tenant at will, or tenant at suffer“ance, and made his improvement subject to the appro- “ val of Claris:, the original lessor, they should find for the « plaintiff, if they also are satisfied that the plaintiff de“manded the possession, and that the defendant held “ over after said demand.”
Abstractly considered, there can be no solid objection to this instruction; for, though tenancies of indeterminate duration, which were anciently deemed and denominated tenancies at will, are now considered as from year to year, requiring six month’s notice to quit, yet there may still be tenancies at will, whenever the parties, as in this case, expressly stipulate to that effect; and it is well settled that, in such a case, six months notice to quit is not necessary. The case of Squires vs. Huff, (3 Marshall, 18,) which has been relied on in argu *67 ment, as an authority to show that such notice to a tenant at will, is necessary, does not infringe on the doctrine just stated and recognised. That case was one of constructive tenancy from year to year.
Instructions that do not leave all the facts the evidence conduces to prove, to the jury, are erroneous.
A purchaser who acquires the legal title during a tenancy, becomes the landlord, and may maintain a warrant of forcible detainer in hi» own name.— But—
The proceeding by warrant of forcible entry §- detainer, is a proceeding purely legal; which cannot be maintained upon a mere right in equity™ -as a bond for a conveyance. The warrant, in such case, must be in the name of him who has the legal title.
But though the appellant may have entered as a tenant at will, nevertheless, as there were some circumstances which might, in some degree, conduce to authorize a presumption that Clark had afterwards recognised him as a tenant from year to year, or, for the term of seven years, and as the instruction did not allow the jury to consider that matter, we are of the opinion, that the Circuit Judge erred, in giving an instruction which did not leave all the facts to the consideration of the jury.
Second. The appellee, who was plaintiff in the warrant, had made an executory contract, for the purchase of the lot in contest, after the date of the lease, and had not either acquired, or (according to the terms of his contract,) become entitled, to a conveyance of the legal title when his warrant for a forcible detainer was issued. As a conveyance of the legal title to him, during the tenancy, would have virtually made him the landlord, and entitled him to the possession from the tenant, we should not doubt that, if he had acquired the legal title prior to the date of his warrant, it would have been properly issued in his name. But the remedy by warrant for a forcible detainer, is a legal remedy, and the right to be tried is a legal right. No interest merely equitable can be availing. The bond for a conveyance did not vest in the appellee the legal right to the possession, or substitute him as the landlord; and perhaps he may never acquire that right, or that character. Clark, as landlord, and the only landlord in contemplation of law, is the only person who has a legal right to restitution of the possession, and he alone can maintain a warrant for a forcible detainer by his tenant.
Wherefore, it is our opinion that the Circuit Judge erred in refusing to instruct the jury that the appellee could not recover on his warrant for a forcible detainer.
It is, therefore, considered by the Court, that the judgment of the Circuit Court be i-eversed, and the cause remanded.